**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

GABRIEL WADE MILLS                                                                                   PLAINTIFF

V.                                          4:05CV000575 GH/JTR

JOHN ANDERSON; ALBERT KITTRELL; and
ARKANSAS PARTNERSHIP PROGRAM                                                      DEFENDANTS

**ORDER**

On February 14, 2006, Defendants filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Undisputed Material Facts. (Docket entries #33-#35.) On March 6, 2006, Plaintiff filed his Response. (Docket entry #36.) Based on what is contained in Plaintiff's Response, the Court concludes that additional information from Plaintiff would be helpful to the resolution of the Motion.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. *See* Fed. R. Civ. P. 56(e). This means that Plaintiff's Response must include affidavits signed under penalty of perjury in accordance with 28 U.S.C. § 1746 or other evidence or documents establishing that there is a genuine issue of material fact that must be resolved at a hearing or trial. Furthermore, pursuant to Local Rule 56.1, Plaintiff must also separately file a Statement of Disputed Facts, which lists: (a) any disagreement he has with the specifically numbered factual assertions contained in Defendants' Statement of Undisputed Material Facts (docket entry #35 ); and (b) any other disputed facts that he believes must be resolved at a

hearing or trial.[1]  Finally, Plaintiff is advised that, if he intends to rely upon records that have been previously filed with the Court, he must specifically refer to those documents by <u>docket number, page, date, and heading</u>.  The Court will not sift through the file to find support for Plaintiff's factual contentions.  *See Crossley v. Georgia-Pacific, Corp.*, 335 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

    IT IS THEREFORE ORDERED THAT:

    1.    Plaintiff shall file, **within thirty days of the entry of the Order**, a Supplemental Response to Defendants' Motion for Summary Judgment (docket entry #33 ), and a Statement of Disputed Facts.  That Response and Statement must comply with Fed. R. Civ. P. 56, Local Rule 56.1, and the instructions set forth in this Order.

    2.    Plaintiff is advised that the failure to timely and properly comply with this Order could result in:  (a) the dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2);[2]

---

[1] Specifically, Defendants' Statement of Facts contains 15 separately numbered paragraphs containing assertions of allegedly undisputed facts.  *See* docket entry #35.  Plaintiff's Statement of Disputed Facts must contain 15 separately listed paragraphs that respond **directly** to each of Defendants' corresponding paragraphs.  For instance, Plaintiff's paragraph 1 should state whether he agrees or disagrees (and why) with **only** the factual assertions contained in paragraph 1 of Defendants' Statement of Facts. After Plaintiff has done so for **each** of Defendants' separate paragraphs, Plaintiff may list (in separately numbered paragraphs starting with #16) any additional **disputed material** facts that he believes must be resolved at a hearing or trial.

[2] Local Rule 5.5(c)(2) provides that: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. <u>If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice</u>. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."  (Emphasis added.)

or (b) all of the facts set forth in Defendant's summary judgment papers being deemed admitted by Plaintiff, pursuant to Local Rule 56.1(c).

Dated this 21st day of March, 2006.

_____
UNITED STATES MAGISTRATE JUDGE